# EXHIBIT A
# NOTICE OF REMOVAL OF ACTION

FILED BY FAX

FILED

17 MAR 20  AM 10: 44

ROSA JUHQUEIRO, CLERK

BY LISA VEGA
DEPUTY

1  GREGORY L. BENTLEY #151147
2  MATTHEW CLARK #273950
   NATASHA AXELROD #273429
3  BENTLEY & MORE, LLP
4  4 Park Plaza, Suite 500
   Irvine, California 92614
5  Phone:        (949) 870-3800
6  Facsimile:    (949) 732-6291
7
8  Attorneys for Plaintiffs
9
10        SUPERIOR COURT OF THE STATE OF CALIFORNIA
11             FOR THE COUNTY OF SAN JOAQUIN
12
13  SALVADOR CORDOVA PIMENTEL,          Case No.:   STK-CV- UNP I -2017- 2642
    individually and as successor-in-interest
14  to decedent ABELINO CORDOVA-
15  CUEVAS; MARIA CUEVAS                 DECLARATION OF SALVADOR
    DOMINGUEZ, individually and as       CORDOVA PIMENTEL PURSUANT
16  successor-in-interest to decedent    TO C.C.P. § 377.32
17  ABELINO CORDOVA-CUEVAS,
18
19            Plaintiffs,
20     vs.
21
22  CITY OF STOCKTON, on its own behalf
    and on behalf of its departments,
23  including, but not limited to, the
    STOCKTON POLICE DEPARTMENT;
24  SERGEANT MATTHEW GARLICK;
25  OFFICER LUCAS WOODWARD; and
    DOES 1 to 100, inclusive,
26
27            Defendants.
28

- 1 -
DECLARATION OF SALVADOR CORDOVA PIMENTEL PURSUANT TO C.C.P. § 377.32

BENTLEY & MORE LLP

TELLING YOUR STORY

1     I, Salvador Cordova Pimental ("Salvador") declare based on matters of which I

2   have personal knowledge, and as to which I can testify competently as a witness:

3       1.   The decedent Abelino Cordova-Cuevas was my son.

4       2.   Abelino Cordova-Cuevas died on March 7, 2016, in Stockton, California.

5       3.   No proceeding is now pending in California for administration of the

6   decedent's estate.

7       4.   The declarant is the decedent's successor-in-interest as defined in section

8   377.11 of the California *Code of Civil Procedure* and therefore succeeds to the decedent's

9   interest in this action or proceeding. Although my wife is also a successor, we have

10   agreed that I will serve as the sole successor-in-interest for the purpose of these

11   proceedings.

12       5.   No other person has a superior right to commence the action or

13   proceeding, or to be substituted for the decedent in the pending action or proceeding.

14       6.   A certified copy of the decedent's death certificate is attached to this

15   declaration.

16     I declare under penalty of perjury under the laws of the State of California that

17   the foregoing is true and correct.

18   Executed on March 17, 2017, in Michoacán, Mexico.

19

20   *Salvador Cordova*

21   SALVADOR CORDOVA PIMENTAL

22

23

24

25

26

27

28

# EXHIBIT A

# STATE OF CALIFORNIA
## CERTIFICATION OF VITAL RECORD

# SAN JOAQUIN COUNTY
## PUBLIC HEALTH SERVICES
### STOCKTON, CALIFORNIA

3052018061711                    CERTIFICATE OF DEATH                    3201639001175

| | | |
|---|---|---|
| NAME OF DECEDENT—FIRST (Given) | MIDDLE | LAST (Family) |
| ABELINO | | CORDOVA-CUEVAS |

| SEX | DATE OF BIRTH | AGE | DATE OF DEATH | HOUR |
|---|---|---|---|---|
| M | 12/31/1987 | 28 | 03/07/2016 | 2147 |

BIRTHPLACE (STATE/FOREIGN COUNTRY): MEXICO
SOCIAL SECURITY NUMBER: NONE
EVER IN U.S. ARMED FORCES: NO
MARITAL STATUS: NEVER MARRIED

HISPANIC: MEXICAN
RACE: MEXICAN
EDUCATION: 02

USUAL OCCUPATION: BUTCHER
KIND OF BUSINESS: MEAT MARKET
YEARS IN OCCUPATION: 10

RESIDENCE—STREET: 2825 GLEN ELLEN CIRCLE
CITY: SACRAMENTO
COUNTY: SACRAMENTO
ZIP CODE: 95822
YEARS IN COUNTY: 3
STATE/FOREIGN COUNTRY: CA

INFORMANT NAME: SALVADOR CORDOVA-CUEVAS, BROTHER
INFORMANT MAILING ADDRESS: 511 O'CONNOR STREET, PALO ALTO, CA 94303

NAME OF FATHER—FIRST: SALVADOR   MIDDLE   LAST: CORDOVA-PIMENTEL   BIRTH STATE: MEXICO
NAME OF MOTHER—FIRST: MARIA   MIDDLE   LAST: CUEVAS-DOMINGUEZ   BIRTH STATE: MEXICO

DISPOSITION DATE: 03/29/2016
PLACE OF FINAL DISPOSITION: EN ARTIAGA MICHOACAN, MEXICO
TYPE OF DISPOSITION: TR/BU
PANTEON MUNICIPAL DE ARTIAGA

EMBALMER: JEROME RUDOW   LICENSE NUMBER: EMB7989
NAME OF FUNERAL ESTABLISHMENT: VALLEY FUNERAL HOME   FD 2128
SIGNATURE OF LOCAL REGISTRAR: ALVARO GARZA, MD, MPH   DATE: 03/28/2016

PLACE OF DEATH: SAN JOAQUIN GENERAL HOSPITAL
COUNTY: SAN JOAQUIN
FACILITY ADDRESS: 500 W. HOSPITAL RD.
CITY: FRENCH CAMP

CAUSE OF DEATH:
IMMEDIATE CAUSE (a): **PENDING HISTOCHEMISTRY**

BIOPSY: 2016-0520

WAS AUTOPSY PERFORMED: YES
USED IN DETERMINING CAUSE: YES

DID TOBACCO USE CONTRIBUTE TO DEATH: NO
WAS DEATH PREGNANCY RELATED: N/A

CORONER:
TYPE OF INJURY:

I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE AND PLACE STATED FROM THE CAUSES STATED.

DECEDENT ATTENDED SINCE:   DECEDENT LAST SEEN ALIVE:

TYPE PHYSICIAN'S NAME, TITLE, LICENSE NUMBER:

MANNER OF DEATH: Pending Investigation
PLACE OF INJURY:

LOCATION OF INJURY:

CORONER / DEPUTY CORONER: FRANKIE E MEHRER JR   DATE: 03/09/2016
SIGNATURE, TITLE OF CORONER / DEPUTY CORONER: FRANKIE E MEHRER JR, DEPUTY CORONER

STATE REGISTRAR:

---

STATE OF CALIFORNIA } SS
COUNTY OF SAN JOAQUIN

**CERTIFIED COPY OF VITAL RECORDS**

DATE ISSUED:   MAR 28 2016

*00073257*

This is a true and exact reproduction of the document officially registered and placed on file with San Joaquin County Public Health Services.

ALVARO GARZA, M.D., M.P.H.
LOCAL REGISTRAR

This copy not valid unless prepared on engraved border displaying date and signature of Registrar.

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

**FILED BY FAX**

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Gregory W. Bently, Esq. 151147<br>Natasha Alelrod, Esq. 273429<br>BENTLEY & MORE, LLP<br>4 Park Plaza, Suite 500<br>TELEPHONE NO.: (949) 870-3800   FAX NO.: (949) 732-6291<br>ATTORNEY FOR *(Name):* Plaintiffs, Salvador Cordova Pimentel, et al. | FOR COURT USE ONLY<br><br>FILED<br><br>17 MAR 20  AM 10: 44<br><br>ROSA JUNQUEIRO, CLERK<br>LISA VEGA<br>BY _____ DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN
STREET ADDRESS: 222 East Weber Avenue, # 303
MAILING ADDRESS: Post Office Box 201022
CITY AND ZIP CODE: Stockton 95202-2777
BRANCH NAME: Stockton Courthouse

CASE NAME:
Pimentel, et al. v. City of Stockton, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | |
|---|---|---|---|---|
| ✓ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | STK-CV-UNPI-2017-2642<br>DEPT: | |

Items 1–6 below must be completed *(see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the |
| ✓ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse<br>condemnation (14) | above listed provisionally complex case<br>types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ✓ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✓ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ✓ punitive
4. Number of causes of action *(specify):*  5
5. This case ☐ is ✓ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 15, 2017

Natasha B. Axelrod
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

FILED BY FAX

1  GREGORY L. BENTLEY #151147

2  MATTHEW CLARK #273950
   NATASHA AXELROD #273429

3  BENTLEY & MORE, LLP

4  4 Park Plaza, Suite 500

5  Irvine, California 92614
   Phone:       (949) 870-3800

6  Facsimile:   (949) 732-6291

7

8  Attorneys for Plaintiffs

FILED

17 MAR 20  AM 10: 44

ROSA JUNQUEIRO, CLERK
LISA VEGA
BY_____
        DEPUTY

**THIS CASE HAS BEEN ASSIGNED TO
JUDGE BARBARA A. KRONLUND IN
DEPARTMENT 10D FOR ALL PURPOSES,
INCLUDING TRIAL.**

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                    FOR THE COUNTY OF SAN JOAQUIN

12

13  SALVADOR CORDOVA PIMENTEL,       Case No.:   STK-CV-UNPI-2017-2042
    individually and as successor-in-interest
14  to decedent ABELINO CORDOVA-       COMPLAINT AND DEMAND FOR
    CUEVAS; MARIA CUEVAS              JURY TRIAL
15  DOMINGUEZ, individually and as
    successor-in-interest to decedent   1. Violations of Civil Rights (Individual
16                                       Liability) 42 U.S.C. § 1983
17  ABELINO CORDOVA-CUEVAS,

18              Plaintiffs,            2. Violations of Civil Rights (Entity
                                       Liability) 42 U.S.C. § 1983
19

20         vs.                        3. Negligence pursuant to Government
                                       Code Sections 820 and 815.2
21  CITY OF STOCKTON, on its own behalf
    and on behalf of its departments,
22  including, but not limited to, the   4. Battery
    STOCKTON POLICE DEPARTMENT;
23
24  SERGEANT MATTHEW GARLICK;        5. Violations of Civil Rights under Cal.
    OFFICER LUCAS WOODWARD; and      Civ. Code § 52.1
25  DOES 1 to 100, inclusive,

26

27              Defendants.

28

-1-

BENTLEY & MORE LLP
TELLING YOUR STORY
B•M

**I.**

**INTRODUCTION**

1.      Under California law, city police departments and their officers are liable when they utilize excessive force in performing their duties and for unjustly depriving citizens of their civil rights—including the right to life and liberty. Even officers' tactical conduct and decisions preceding the use of deadly force are relevant considerations in determining whether the use of force was unreasonable.

2.      On March 7, 2016, between approximately 9:00 p.m. and 10:00 p.m., the City of Stockton Police Department caused the death of beloved son and brother Abelino Cordova-Cuevas ("Abelino"). Stockton officers used excessive force on Abelino during a traffic stop, including the use of a chokehold, Tasers, and other physical force, which resulted in the tragic death of Abelino.

3.      The use of excessive force by police departments across the United States is now commonly on the news. Police have gone unchecked in their use of deadly force against unarmed persons. Abelino's tragedy in Stockton, California is another example of unrestrained police use of force in this country. When police can use deadly force easily and without repercussion, the results are inevitable—people will die.

4.      Abelino left behind his beloved parents, Salvador and Maria, and brothers and sisters.

**II.**

**THE PARTIES**

A.      **Plaintiffs**

5.      At all relevant times, Salvador Cordova Pimentel was a resident of Mexico. Salvador Cordova Pimentel is the surviving father of decedent Abelino Cordova-Cuevas. Salvador Cordova Pimentel is acting both individually and as the successor-in-interest to the estate of Abelino Cordova-Cuevas. An affidavit as required by California Code of Civil Procedure Section 377.32 will be filed in this action. During

BENTLEY & MORE LLP

TELLING YOUR STORY

1    the altercation with Stockton Police, Abelino Cordova-Cuevas briefly survived the

2    wounds inflicted by the City of Stockton through the use of a Taser, chokehold and

3    other excessive actions, suffering both damage to his clothing and personal property

4    due to their excessive force, as well as terrible pain, emotional distress, fear, anxiety,

5    stress, and worry, before eventually expiring due to the acts of the City of Stockton.

6    Salvador Cordova Pimentel therefore proceeds both on an individual basis and as

7    successor-in-interest to the claims of Abelino Cordova-Cuevas.

8         6.    At all relevant times Maria Cuevas Dominguez was a resident of Mexico.

9    Maria Cuevas Dominguez is the surviving mother of decedent Abelino Cordova-

10   Cuevas.

11        7.    Plaintiffs Salvador Cordova Pimentel and Maria Cuevas Dominguez are

12   the sole surviving heirs of Abelino Cordova-Cuevas and are the only individuals who

13   have standing to bring a wrongful death action for the death of Abelino under

14   California Code of Civil Procedure §377.60. As a result of the actions described herein,

15   Salvador and Maria lost the familial association and relationship with their son, and

16   bring claims both in a survivorship capacity and for the loss of familial association and

17   wrongful death.

18

19   **B.    Defendants**

20        8.    Defendants Sergeant Matthew Garlick and Officer Lucas Woodward, at all

21   relevant times were employed as law enforcement officers by Defendant City of

22   Stockton, and were acting within the course and scope of their employment. These

23   defendants are being sued in their individual capacity. Based upon information and

24   belief, these two officers caused the death of Abelino. It is unknown at this time the

25   identity of the other officers who responded to the scene and might have contributed to

26   the death of Abelino.

27        9.    At all relevant times, Defendant City of Stockton, is, and was, a

28   governmental entity. The appropriate governmental claims for each plaintiff have been

1  filed with the City of Stockton. The appropriate Governmental Claims were timely filed

2  with the City of Stockton on August 25, 2016, pursuant to California Government Code

3  § 910. (A copy of the § 910 Claim is attached as Exhibit A.) The City received the § 910

4  Claim on August 25, 2016. (Exhibit B.) The City of Stockton failed to act on the claim

5  and on October 25, 2016, gave written notice that the claim was rejected by operation of

6  law on October 10, 2016. (Exhibit C). Thus, the rejection of the claim gives rise to the

7  right to bring this action. (See California Government Code §912.4(c).)

8      10.    The true names and capacities, whether individual, corporate, associate or

9  otherwise, of defendants Does 1-100, inclusive, and each of them, are unknown to

10  plaintiffs, who thereby sue these defendants by such fictitious names, and will ask leave

11  of this court to amend this complaint when the same shall have been ascertained.

12  Plaintiffs are informed and believe and upon that basis allege that each defendant

13  named herein as a Doe is responsible in some manner for the events and happenings

14  referred to herein which proximately caused injury to plaintiffs as hereinafter alleged.

15      11.    Plaintiffs are informed and believe and on that basis allege that at all times

16  mentioned herein the defendants, and each of them, were the agents, joint venturers,

17  servants, employees, assistants, and consultants of each other, and as such were acting

18  within the course, scope, and authority of said agency, joint venture, and employment,

19  and that each and every defendant, when acting as a principal, was negligent and

20  reckless in the selection, hiring, entrustment, and supervision of each and every other

21  defendant as an agent, servant, employee, assistant, or consultant.

22

23                                    III.

24                          FACTUAL ALLEGATIONS

25  A.    The death of Abelino Cordova-Cuevas

26      12.    On March 7, 2016, between approximately 9:00 p.m. and 10:00 p.m., the

27  City of Stockton Police Department caused the death of beloved son and brother

28  Abelino Cordova-Cuevas. Stockton officers used excessive force on Abelino during a

1    traffic stop, including the use of a chokehold, Tasers, and other physical force, which

2    resulted in the tragic death of Abelino.

3        13.    On March 7, 2016, Abelino was driving near El Dorado and Clay Streets in

4    Stockton when he was pulled over by Stockton police officers, primarily Sergeant

5    Matthew Garlick and/or Officer Lucas Woodward. The officers claimed the stop was

6    for "erratic driving." Witnesses saw Abelino standing on the sidewalk with his hands

7    up and a police officer (either Sergeant Garlick or Officer Woodward) standing in the

8    street shining a flashlight toward him. Abelino repeatedly told the officer "I have no

9    weapons." Abelino started to back up westbound on the sidewalk, keeping his hands

10   in the air, lifting up his shirt, and again telling the officer he had no weapons.

11       14.    At roughly the same time, another Stockton police officer (the other of

12   Sergeant Garlick or Officer Woodward) arrived on motorcycle and parked across the

13   street from where Abelino was standing. Both officers heard Abelino's declaration that

14   he had no weapons, saw him lift his shirt, and saw him keep his hands raised.

15   Witnesses heard this officer trigger his Taser, with a very distinctive crackling noise.

16   Abelino was startled and scared, and began to run around the corner, with another

17   police SUV pulling up near where the motorcycle had stopped. The identity of the

18   police officer driving this SUV is unknown to Plaintiffs at this time. The officer in the

19   SUV followed Abelino and the other officers. The officers, including Garlick and

20   Woodward, quickly cornered Abelino at a nearby business. Abelino was unarmed,

21   frightened, and nonviolent toward the officers. But that didn't matter.

22       15.    Surveillance footage from that nearby business shows Abelino walking

23   backwards with his hands up before being forcibly brought to the ground by Stockton

24   police officers. Witnesses heard screaming coming from the location where Abelino

25   had gone, and did not hear any officers yelling or saying anything. Witnesses

26   described additional police vehicles and motorcycles arriving to the scene around this

27   time.

28

16. The surveillance video shows Abelino passively lying on the ground while Stockton officers are using a chokehold or carotid restraint, and other unnecessary force on an unarmed man who had surrendered. Abelino then becomes unresponsive. American Medical Response ("AMR") was called to the scene, and records from the AMR and the Stockton Fire Department indicate Abelino was in full cardiac arrest on arrival with Taser wires sticking out of him.

17. Stockton Fire Department records indicate Abelino had trauma to his head and face, including lacerations and incisions. Hospital records indicate he had abrasions to his right shoulder and right arm, a hematoma and left parietal abrasion to his scalp, and "[p]er EMS patient was assaulted though unclear who was assaulting patient and then police tased him 3 times and he collapsed..." Emergency personnel followed trauma protocol and Abelino was transported to San Joaquin General Hospital where he was pronounced dead shortly after arrival. Abelino never regained consciousness after he went down and suffered damaged clothing, medical bills, and damaged personal property before he was ultimately presumed dead.

18. The unreasonable use of deadly force by Stockton police officers was the cause of Abelino's death. Police officers can only use reasonable force under the circumstances. Stockton police officers used *excessive* force against an unarmed, non-violent person, actively depriving a family of its son and brother as a result of Abelino's death.

## FIRST CAUSE OF ACTION

### (Violations of Civil Rights (Individual Liability) 42 U.S.C. § 1983)

FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS, SERGEANT MATTHEW GARLICK AND OFFICER LUCAS WOODWARD, AND DOES 1-50 FOR VIOLATIONS OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. SECTION 1983, PLAINTIFFS SALVADOR CORDOVA PIMENTEL, INDIVIDUALLY AND AS A

1    SUCCESSOR-IN-INTEREST TO DECEDENT ABELINO CORDOVA-CUEVAS, AND

2    MARIA CUEVAS DOMINGUEZ, ALLEGE:

3         19.   Plaintiffs refer to each and every one of the above paragraphs, and

4    incorporate those paragraphs as though set forth in full in this cause of action.

5         20.   Defendants, while acting under the color of state law, deprived Abelino of

6    his rights, privileges, and immunities secured by the Constitution and the laws of the

7    United States including the Fourteenth and Fourth Amendments by subjecting him to

8    unreasonable and excessive force. Surveillance video shows Abelino passively lying on

9    the ground while Stockton officers are using a chokehold or carotid restraint, and other

10   unnecessary force.

11       21.   Abelino's right to life and liberty and to be free from unreasonable

12   searches and seizures were violated by the officers. The excessive force used by the

13   police officers to subdue a non-violent, unarmed man created an unreasonable risk of

14   causing his death or serious physical injury. The officers intended to terminate

15   Abelino's movement—Sergeant Garlick and Officer Woodward intentionally used

16   Tasers on Abelino, forcefully brought him to the ground, used a chokehold, and used

17   physical force, ultimately resulting in his death.

18       22.   At all material times, the use of force, including the use of Tasers,

19   chokehold, and other physical force, was excessive and unnecessary and not justified or

20   lawful under the circumstances. Abelino was unarmed and non-violent. The Stockton

21   police prematurely, intentionally, and with reckless disregard for the well-being of

22   Abelino engaged in violent force on Abelino, divorced from any legitimate law

23   enforcement objective. The actions at issue were official conduct undertaken in a

24   malicious, intentional, or recklessly or callously indifferent manner to Abelino's

25   protected Constitutional rights and liberties.

26       23.   Additionally, defendants' failure to follow Stockton Police Department

27   policy, which lead up to unreasonable use of deadly force, also created an unreasonable

28   risk of harm to Abelino, and caused an escalation of events leading to his death. Police

BENTLEY & MORE LLP
TELLING YOUR STORY
B∘M

COMPLAINT AND DEMAND FOR JURY TRIAL

1  unlawfully used deadly force on a nonviolent, unarmed person during a routine traffic

2  stop.

3      24.    At all material times, the actions and omissions of each defendant were

4  intentional, wanton and/or willful, conscience shocking, reckless, malicious,

5  deliberately indifferent to Abelino's rights, unreasonable, and committed with reckless

6  disregard of Abelino's constitutional rights. The actions of the defendants— using

7  Tasers on Abelino, forcefully bringing him to the ground, using a chokehold and other

8  physical force—constitute a malicious and sadistic intent to harm Abelino, divorced

9  from the legitimate purposes of law enforcement reacting and subduing a person. By

10  using deadly force on Abelino—an unarmed, non-violent, non-felonious individual—

11  the officers intended to injure or kill him.

12      25.    As a direct and proximate result of each Defendant's acts as set forth

13  above, Salvador Cordova Pimentel and Maria Cuevas Dominguez have suffered the

14  loss of their son and his love, companionship, comfort, care, assistance, protection,

15  affection, society, and moral support.

16      26.    As a further proximate result of the aforementioned and unconstitutional

17  conduct of defendants, Plaintiff Salvador Cordova Pimentel as successor-in-interest to

18  Decedent Abelino Cordova-Cuevas, brings a claim for the pre-death economic damages

19  (such as damage to Abelino's clothing, medical bills, and personal property) and the

20  pain and suffering inflicted on Abelino Cordova-Cuevas as his death was caused by the

21  violation of federal law. (See *Chaudhry v. City of Los Angeles* (9th Cir. 2014) 751 F.3d 1096,

22  1105.)

23      27.    As a further proximate result of the aforementioned unconstitutional

24  conduct of Defendants, Plaintiffs were compelled to retain legal counsel and are entitled

25  to reasonable attorney's fees pursuant to 42 U.S.C. Section 1988. Plaintiffs are also

26  entitled to punitive damages pursuant to 42 U.S.C. Section 1983.

27

28

## SECOND CAUSE OF ACTION

### Violations of Civil Rights (Entity Liability) 42 U.S.C. § 1983

~~FOR A SECOND CAUSE OF ACTION AGAINST THE CITY OF STOCKTON,~~ AND DOES 51-100 FOR VIOLATIONS OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. SECTION 1983, PLAINTIFFS SALVADOR CORDOVA PIMENTEL INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO DECEDENT ABELINO CORDOVA-CUEVAS, AND MARIA CUEVAS DOMINGUEZ, ALLEGE:

28.     Plaintiffs refer to each and every one of the above paragraphs, and incorporate those paragraphs as though set forth in full in this cause of action.

29.     The intentional and unconstitutional actions of Defendants Sergeant Matthew Garlick and Officer Lucas Woodward and Does 1-50 as well as other officers employed by or acting on behalf of the City of Stockton, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the Stockton Police Department, which were directed, encouraged, allowed, and/or ratified by policy making officers for the City of Stockton, and the Stockton Police Department, including on information and belief the Chief of Police of the Stockton Police Department:

A.     To use or tolerate the use of excessive and/or unjustified force, including the use of deadly force on unarmed non-violent individuals;

B.     To use or tolerate the use of unlawful deadly force;

C.     To cover-up violations of constitutional rights by:

1.     Failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force;

2.     Ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

3.     Using or tolerating inadequate, deficient, and improper procedures for handling, investigating and reviewing complaints of officer

BENTLEY & MORE LLP
TELLING YOUR STORY

1                 misconduct made under California Government Code Section 910

2                 et seq.

3       D.      Failing to implement procedural safeguards to prevent constitutional

4                 violations stemming from the use of excessive force, with actual or

5                 constructive notice that omitting these procedural safeguards was likely to

6                 result in the unconstitutional deprivation of life and liberty and the

7                 unconstitutional and unreasonable search and seizure of persons in the

8                 City of Stockton.

9       30.      Defendants City of Stockton and Does 51-100 also failed to properly hire,

10 train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants

11 Sergeant Matthew Garlick and Officer Lucas Woodward and Doe Defendants 1-50 with

12 deliberate indifference to Abelino's constitutional rights, which were thereby violated

13 as described above. The City of Stockton and the Stockton Police Department's training

14 program was not adequate to train its officers regarding the constitutional limits on the

15 use of excessive force. The City of Stockton and the Stockton Police Department knew,

16 because of a pattern of similar violations, or it should have been obvious to them, that

17 the inadequate training program was likely to result in a deprivation of the right to life

18 and liberty guaranteed by the Fourteenth Amendment and was likely to result in the

19 unconstitutional and unreasonable search and seizure of citizens as guaranteed by the

20 Fourth Amendment. Based on information and belief, the City of Stockton knew, or

21 should have known, that Stockton police had used excessive force in many instances.

22 Based on information and belief, policy making officials at the City of Stockton and the

23 Stockton Police Department were aware of prior similar unconstitutional practices

24 involving the unreasonable and excessive use of force, and the unjustified killing of

25 individuals, yet condoned those practices or failed to train against a furtherance of

26 those actions, which caused the officers to act as alleged above during the routine traffic

27 stop of Abelino.

28

1      31.     Defendants Sergeant Matthew Garlick and Officer Lucas Woodward and

2      Does 1-50 violated Abelino's Fourteenth Amendment right to life and liberty and his

3      Fourth Amendment right to be free from unreasonable searches and seizures, and the

4      City of Stockton and the Stockton Police Department's failure to provide adequate

5      training was a cause of the deprivation of those rights.

6      32.     As a direct and proximate result of each Defendant's acts as set forth

7      above, Salvador Cordova Pimentel and Maria Cuevas Dominguez suffered the loss of

8      their son Abelino and Abelino's love, companionship, comfort, care, assistance,

9      protection, affection, society, and moral support.

10     33.     As a further proximate result of the aforementioned and unconstitutional

11     conduct of defendants, Plaintiff Salvador Cordova Pimentel as successor-in-interest to

12     Decedent Abelino Cordova-Cuevas brings a claim for the pre-death economic damages

13     (such as damage to Abelino's clothing and personal property) and the pain and

14     suffering inflicted on Abelino Cordova-Cuevas as his death was caused by the violation

15     of federal law. (See *Chaudhry v. City of Los Angeles* (9th Cir. 2014) 751 F.3d 1096, 1105.)

16     34.     As a further proximate result of the aforementioned unconstitutional

17     conduct of Defendants, Plaintiffs were compelled to retain legal counsel and are entitled

18     to reasonable attorney's fees pursuant to 42 U.S.C. Section 1988.

19

20                            **THIRD CAUSE OF ACTION**

21          **(Negligence Pursuant to Government Code § 820 and 815.2)**

22     FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS CITY OF

23     STOCKTON AND DOES 51-100 FOR NEGLIGENCE PURSUANT TO GOVERNMENT

24     CODE §820 AND 815.2 PLAINTIFFS SALVADOR CORDOVA PIMENTEL

25     INDIVIDUALLY AND AS A SUCCESSOR-IN-INTEREST TO DECEDENT ABELINO

26     CORDOVA-CUEVAS AND MARIA CUEVAS DOMINGUEZ, ALLEGE:

27     35.     Plaintiffs refer to each and every one of the above paragraphs, and

28     incorporate those paragraphs as though set forth in full in this cause of action.

36.     Plaintiffs allege this cause of action pursuant to Government Code §§ 820 and 815.2. California Government Code §820(a) provides that "a public employee is liable for injury caused by his act or omission to the same extent as a private person." Government Code §815.2(a) provides "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or personal representative."

37.     A primary and fundamental objective of the Stockton Police Department and its officers is to protect and serve the public.

38.     At all times, the officers were within the course and scope of their employment at all times herein mentioned, owed a duty to Plaintiffs to follow recognized and established police procedures when attempting to subdue a person. The officers, including Sergeant Garlick, Officer Woodward, and Does 1-50, also owed a duty to Plaintiffs to use reasonable care in employing deadly force, and to avoid using excessive force while pursuing and attempting to apprehend a person. Further, the officers had a duty to refrain from unreasonably creating the situation where force, including but not limited to deadly force, is used, and to use appropriate tactics and force when attempting to detain someone.

39.     Additionally, these general duties of reasonable care and due care owed to Plaintiffs by Sergeant Garlick, Officer Woodward, and Does 1-50, include but are not limited to the following specific obligations:

A.     To properly and adequately hire, investigate, train, supervise, monitor, evaluate and discipline employees, agents, and/or law enforcement officers with the City of Stockton to ensure that those employees/agents/officers act at all times in the public interest and in conformance with the law and accepted police practices and policies;

B.     To make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights; and

1    C.    To refrain from making, enforcing, and/or tolerating the wrongful policies

2          and customs.

3    40.   Defendants, through their acts and omissions, breached each and every

4  one of the aforementioned duties owed to the Plaintiffs because Sergeant Garlick,

5  Officer Woodward, and Does 1-50 were within the course and scope of their

6  employment when they negligently breached these duties, the City of Stockton and

7  Does 51-100 will be vicariously liable for the full extent of the harm their negligence

8  caused.

9    41.   As a direct and proximate result of each Defendant's acts as set forth

10 above, Salvador Cordova Pimentel and Maria Cuevas Dominguez suffered the loss of

11 their son Abelino and Abelino's love, companionship, comfort, care, assistance,

12 protection, affection, society, and moral support.

13

14                    **FOURTH CAUSE OF ACTION**

15                          **(Battery)**

16     FOR A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR

17 BATTERY; PLAINTIFFS SALVADOR CORDOVA PIMENTEL INDIVIDUALLY AND

18 AS A SUCCESSOR-IN-INTEREST TO DECEDENT ABELINO CORDOVA-CUEVAS

19 AND MARIA CUEVAS DOMINGUEZ, ALLEGE:

20     42.   Plaintiffs refer to each and every one of the above paragraphs, and

21 incorporate those paragraphs as though set forth in full in this cause of action.

22     43.   On March 7, 2016, between approximately 9:00 p.m. and 10:00 p.m., the

23 City of Stockton Police Department, through its officers, caused the death of beloved

24 son and brother Abelino Cordova-Cuevas. Stockton officers used excessive force on

25 Abelino during a traffic stop, including the use of a chokehold, Tasers, and other

26 physical force, which resulted in the tragic death of Abelino.

27     44.   Defendants, with reckless and willful disregard of the rights of Abelino,

28 intentionally used excessive, unreasonable, and deadly force.

1    45.    Defendants intended to cause great bodily harm or death to others

2    without their consent, including Abelino, by using excessive and deadly force.

3    46.    Abelino was non-violent and unarmed. Abelino neither consented nor

4    anticipated he would become a target of the police officers' use of deadly force.

5    47.    As a direct and proximate result of each Defendant's acts as set forth

6    above Salvador Cordova Pimentel and Maria Cuevas Dominguez suffered the loss of

7    their son Abelino and Abelino's love, companionship, comfort, care, assistance,

8    protection, affection, society, and moral support.

9

10    **FIFTH CAUSE OF ACTION**

11    **Violations of Abelino Cordova-Cuevas's Right to Enjoy Civil Rights (Cal. Civ. Code §**

12    **52.1)**

13    FOR A FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS, AND DOES

14    1-100 FOR VIOLATIONS OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. SECTION 1983,

15    PLAINTIFF SALVADOR CORDOVA PIMENTEL AS A SUCCESSOR-IN-INTEREST TO

16    DECEDENT ABELINO CORDOVA-CUEVAS ALLEGES:

17    48.    Plaintiff, as the successor-in-interest to decedent Abelino Cordova-

18    Cuevas, refers to each and every one of the above paragraphs, and incorporate those

19    paragraphs as though set forth in full in this cause of action.

20    49.    The actions of Defendants the City of Stockton, Sergeant Matthew Garlick

21    and Officer Lucas Woodward and Does 1-100 as well as other officers employed by or

22    acting on behalf of the City of Stockton, was conduct that constituted interference, and

23    attempted interference, by threats, intimidation, coercion, and violence, with Abelino

24    Cordova-Cuevas's exercise and enjoyment of rights secured by the Constitution and

25    laws of the United States and the State of California, in violation of California Civil

26    Code § 52.1.

27    50.    The actions of Defendants were committed intentionally or with reckless

28    indifference to the safety and health of Abelino Cordova-Cuevas, and interfered with,

BENTLEY & MORE LLP
TELLING YOUR STORY
B·M

- 14 -

1   through threats, coercion, intimidation, and violence, his constitutional rights to life,

2   liberty, and to be free from violence, excessive force, and unreasonable searches and

3   ~~seizures.~~

4        51.   As a proximate result of the actions of Defendants, Abelino ultimately lost

5   his life after the use of excessive and deadly force by Stockton police officers—

6   depriving him of multiple constitutional protections and rights safeguarded by the

7   United States and California that were blatantly ignored by the Defendants' intentional,

8   reckless, dangerous, and negligent conduct.

9        52.   As a proximate result of the actions of Defendants, Plaintiffs incurred

10   damages to be shown at trial.

11        53.   As a proximate result of the actions of Defendants, Plaintiffs were

12   compelled to retain legal counsel to prosecute the violation of Abelino Cordova-

13   Cuevas's civil rights, entitling Plaintiffs to both attorneys' fees (under Cal. Civ. Code §

14   52.1(h)) as well as a multiplier for the contingent nature of this representation.

15   (*Chaudhry v. City of Los Angeles* (9th Cir. 2014) 751 F.3d 1096, 1111-1112.)

16

17                        **PRAYER**

18       WHEREFORE, Plaintiffs pray for damages against Defendants, and each of them

19   as follows:

20   **A.**   **As to Plaintiffs Salvador Cordova Pimentel and Maria Cuevas Dominguez, for**

21          **damages as a result of the death of Abelino Cordova-Cuevas, plaintiffs pray**

22          **for judgment against the City of Stockton and Does 51-100 as follows:**

23       1.   For all recoverable wrongful death noneconomic damages for loss of love,

24   companionship, comfort, care, assistance, protection, affection, society, and moral

25   support of Abelino Cordova-Cuevas, all in an amount to be proven at the time of trial;

26       2.   For all recoverable wrongful death economic damages including loss of

27   economic support and loss of household services and loss of gifts and benefits that each

28

BENTLEY & MORE LLP

TELLING YOUR STORY

B·M

1  Plaintiff would have been expected to receive from Abelino Cordova-Cuevas in an

2  amount to be proven at the time of trial;

3    3.  For all other general and special damages to the extent permitted by law;

4    4.  For prejudgment interest to the extent permitted by law;

5    5.  All other damages, penalties, costs, interest, and attorneys' fees as allowed

6  by 42 U.S.C. Section 1983 and 42 U.S.C. Section 1988;

7    6.  All other damages, penalties, costs, interest, and attorneys' fees as allowed

8  by Cal. Civ. Code § 52.1, plus a multiplier of any lodestar to compensate for the risk of

9  contingent representation;

10    7.  For the pre-death pain and suffering of Abelino Cordova-Cuevas,

11  pursuant to the violations of federal law under the successor-in-interest claims under 42

12  U.S.C. § 1983;

13    8.  For the pre-death economic damages suffered by Abelino Cordova-

14  Cuevas, including the damage to his clothing and personal property, pursuant to the

15  violations of federal law under the successor-in-interest claims under 42 U.S.C. § 1983;

16    9.  For costs of suit incurred herein; and

17    10.  For such other and further relief as this court may deem just and proper.

18  B.  **As to Plaintiffs Salvador Cordova Pimentel and Maria Cuevas Dominguez, for**

19    **damages as a result of the death of Abelino Cordova-Cuevas, plaintiffs pray**

20    **for judgment against Sergeant Matthew Garlick, Officer Lucas Woodward,**

21    **and Does 1-50 as follows:**

22    1.  For all recoverable wrongful death noneconomic damages for loss of love,

23  companionship, comfort, care, assistance, protection, affection, society, and moral

24  support of Abelino Cordova-Cuevas, all in an amount to be proven at the time of trial;

25    2.  For all recoverable wrongful death economic damages including loss of

26  economic support and loss of household services and loss of gifts and benefits that each

27  Plaintiff would have been expected to receive from Abelino Cordova-Cuevas in an

28  amount to be proven at the time of trial;

1      3.     For all other general and special damages to the extent permitted by law;

2      4.     For prejudgment interest to the extent permitted by law;

3      ~~5.     All other damages, penalties, costs, interest, and attorneys' fees as allowed~~

4  by 42 U.S.C. Section 1983 and 42 U.S.C. Section 1988;

5      6.     All other damages, penalties, costs, interest, and attorneys' fees as allowed

6  by Cal. Civ. Code § 52.1, plus a multiplier of any lodestar to compensate for the risk of

7  contingent representation;

8      7.     For the pre-death pain and suffering of Abelino Cordova-Cuevas,

9  pursuant to the violations of federal law under the successor-in-interest claims under 42

10  U.S.C. § 1983;

11      8.     For the pre-death economic damages suffered by Abelino Cordova-

12  Cuevas, including the damage to his clothing and personal property, pursuant to the

13  violations of federal law under the successor-in-interest claims under 42 U.S.C. § 1983;

14      9.     For costs of suit incurred herein; and

15      10.    For such other and further relief as this court may deem just and proper.

16

17

18  Dated: March 15, 2017          BENTLEY & MORE, LLP

19

20

21                    By:_____

22                       GREGORY L. BENTLEY

23                       MATTHEW CLARK

                         NATASHA AXELROD

24                       Attorneys for Plaintiffs

25

26

27

28

BENTLEY & MORE LLP
TELLING YOUR STORY

1      <u>**DEMAND FOR JURY TRIAL**</u>

2      Plaintiffs hereby demand a jury trial.

3

4      Dated: March 15 2017          BENTLEY & MORE, LLP

5

6

7      By:_____

8          GREGORY L. BENTLEY

9          MATTHEW CLARK

10         NATASHA AXELROD

           Attorneys for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 18 -

**EXHIBIT A**

# CLAIM FOR DAMAGES
## CITY OF STOCKTON

**Note:** Claims for bodily injury or death, damage to personal property, or damage to growing crops may be filed on this form, not later than six months after the occurrence out of which the claims arose. All other claims must be filed not later than one year after the occurrence out of which the claims arose. (Refer to California Government Code sections 910.4 and 911.2)

**DIRECTION:** The original claim must be filed with the City of Stockton City Clerk's Office, 425 North El Dorado Street, Stockton, California 95202. Retain the yellow copy for your records.

NAME OF CLAIMANT: Salvador Cordova Pimental, Maria Cuevas Dominguez; Estate of Abelino Cordova-Cuevas  Date of Birth 10/20/59, 2/20/61

    (Last)    (First)    (Middle)

HOME ADDRESS/PHONE: 600 South Indian Hill Blvd.  Claremont, CA 91711  (909) 621-4935

    (Number/Street)    (City/State/Zip Code)    (Phone Number)

BUSINESS ADDRESS/ PHONE: 600 South Indian Hill Blvd.  Claremont, CA 91711  (909) 621-4935

    (Number/Street)    (City/State/Zip Code)    (Phone Number)

**DIRECTION:** Indicate to which address you wish notice sent  ☑ HOME    ☐ BUSINESS  See Addendum to claim attached hereto.

WHEN DID INJURY OR DAMAGE OCCUR? March 7, 2016  Monday

    (Month/Day/Year)    (Day of Week)    (Time of Day)

WHERE DID INJURY OR DAMAGE OCCUR? See Addendum to claim attached hereto.
(Street address, intersecting streets, or other location)
See Addendum to claim attached hereto.

HOW DID INJURY OR DAMAGE OCCUR?
(Describe accident or occurrence in complete detail)
See Addendum to claim attached hereto.

NAME OF CITY EMPLOYEE(S) INVOLVED? See Addendum to claim attached hereto.

WHAT ACTION OR INACTION OF CITY EMPLOYEE(S) CAUSED YOUR INJURY OR DAMAGES?
See Addendum to claim attached hereto.

WHAT INJURIES OR DAMAGES DID YOU SUFFER?
See Addendum to claim attached hereto.

TOTAL AMOUNT CLAIMED:  ☑ Unlimited case—over $25,000.00    ☐ Limited case—$25,000.00 or less

If under $10,000.00, please specify amount $

**DIRECTION:** Sign and date this Claim For Damages below. If the signer is not the claimant, indicate the relationship of the signer to the claimant.

_(Signature)_    08/22/2016 _(Month/Day/Year)_    _(Social Security Number-Optional)_

Attorney for Claimants Salvador Cordova Pimental, Maria Cuevas Dominguez, and the Estate of Abelino Cordova-Cuevas
(Relationship of signer, if not claimant)

**DIRECTION:** You may attach and include with this completed form any bills for medical treatment and expenses, and any estimates or bills for personal property damage. Questions may be referred to (209) 937-8807

NOTE: PRESENTATION OF A FALSE CLAIM IS A FELONY (Refer to California Penal Code Section 72)

1   Gregory L. Bentley (State Bar No. 151147)
    Matthew W. Clark (State Bar No. 273950)
2   Clare H. Lucich (State Bar No. 287157)
3   Natasha Axelrod (State Bar No. 273429)
4   **SHERNOFF BIDART**
    **ECHEVERRIA BENTLEY LLP**
5   600 South Indian Hill Boulevard
6   Claremont, California 91711
    Phone:      (909)621-4935
7   Facsimile:  (909)625-6915

8
9   Attorneys for Claimants



10

11          **GOVERNMENTAL CLAIM AGAINST THE CITY OF STOCKTON**

12              (CALIFORNIA GOVERNMENT CODE SECTION 910)

13          Salvador Cordova Pimental and Maria Cuevas Dominguez, on behalf of

14   themselves and the Estate of Abelino Cordova-Cuevas, by and through their attorneys

15   acting on their behalf, present a claim for damages against the City of Stockton (the

16   City) pursuant to California Government Code Section 910.

17

18   1.   <u>Name And Address Of The Claimants:</u>
19        Salvador Cordova Pimental and Maria Cuevas Dominguez
          c/o Gregory L. Bentley
20        **SHERNOFF BIDART ECHEVERRIA BENTLEY LLP**
21        600 S. Indian Hill Blvd.
          Claremont, CA  91711
22        (909) 621-4935/ FAX (909) 625-6915

23

24   2.   <u>Address Where Notices Are To Be Sent:</u>
25        **SHERNOFF BIDART ECHEVERRIA BENTLEY LLP**
          c/o Gregory L. Bentley
26        600 S. Indian Hill Blvd.
27        Claremont, CA  91711
          (909) 621-4935/FAX (909) 625-6915

28

3.   <u>The date, place, and other circumstances giving rise to the claim asserted</u>

    A.   **When, where, and how the death of Abelino Cordova-Cuevas occurred.**

On March 7, 2016, between approximately 9:00 p.m. and 10:00 p.m., the City of Stockton Police Department caused the death of beloved son and brother Abelino Cordova-Cuevas ("Abelino"). Stockton officers used excessive force on Abelino during a traffic stop, including the use of a chokehold, Tasers, and other physical force, which resulted in the tragic death of Abelino.

On March 7, 2016, Abelino was driving near El Dorado and Clay Streets in Stockton when he was pulled over by Stockton police officers, primarily Sergeant Matthew Garlick or Officer Lucas Woodward. The officers claimed the stop was for "erratic driving." Witnesses saw Abelino standing on the sidewalk with his hands up and a police officer (Sergeant Garlick or Officer Woodward) standing in the street shining a flashlight toward him. Abelino repeatedly told the officer "I have no weapons." Abelino started to back up westbound on the sidewalk, keeping his hands in the air, lifting up his shirt, and again telling the officer he had no weapons.

At roughly the same time, another Stockton police officer (Sergeant Garlick or Officer Woodward) arrived on motorcycle and parked across the street from where Abelino was standing. Witnesses heard this officer trigger his Taser, with a very distinctive crackling noise. Abelino was startled and scared, and began to run around the corner, with another police SUV pulling up near where the motorcycle had stopped. The identity of the police officer driving this SUV is unknown to claimants at this time. The officer in the SUV followed Abelino and the other officers.

Surveillance footage from a nearby business shows Abelino walking backwards with his hands up before being forcibly brought to the ground by Stockton police officers. Witnesses heard screaming coming from the location where Abelino had gone, and did not hear any officers yelling or saying anything. Witnesses described additional police vehicles and motorcycles arriving to the scene around this time.

CALIFORNIA GOVERNMENT CODE § 910 CLAIM AGAINST THE CITY OF STOCKTON

1    The surveillance video shows Abelino passively lying on the ground while

2    Stockton officers are using a chokehold or carotid restraint, and other unnecessary

3    force. Abelino then becomes unresponsive. American Medical Response ("AMR") was

4    called to the scene, and records from the AMR and the Stockton Fire Department

5    indicate Abelino was in full cardiac arrest on arrival with Taser wires sticking out of

6    him.

7    Stockton Fire Department records indicate Abelino had trauma to his head and

8    face, including lacerations and incisions. Hospital records indicate he had abrasions to

9    his right shoulder and right arm, a hematoma and left parietal abrasion to his scalp, and

10   "[p]er EMS patient was assaulted though unclear who was assaulting patient and then

11   police tased him 3 times and he collapsed..." Emergency personnel followed trauma

12   protocol and Abelino was transported to San Joaquin General Hospital where he was

13   pronounced dead shortly after arrival. Abelino never regained consciousness after he

14   went down.

15   The unreasonable use of deadly force by Stockton police officers was the cause of

16   Abelino's death. Police officers can only use reasonable force under the circumstances.

17   Stockton police officers used *excessive* force against an unarmed, non-violent person,

18   actively depriving a family of its son and brother as a result of Abelino's death.

19   Liability can be imposed under Title 42 United State Code section 1983, which

20   provides: "every person who, under color of any statute, ordinance, regulation, custom,

21   or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United

22   States or other person within the jurisdiction thereof to the deprivation of any rights,

23   privileges, or immunities secured by the Constitution and laws, shall be liable to that

24   party injured."

25   Stockton Police Department violated Abelino's rights under the Fourth and

26   Fourteenth Amendments. The use of force in this instance was excessive and

27   unreasonable. The United States Supreme Court has held that a "seizure occurs when

28   governmental termination of a person's movement is effected through means

SHERNOFF BIDART
ECHEVERRIA BENTLEY
LAWYERS FOR INSURANCE POLICYHOLDERS

- 3 -

1  intentionally applied." (*Brower v. County of Inyo* (1989) 489 U.S. 593.) Here, the officers

2  intended to terminate Abelino's movement—Sergeant Garlick and Officer Woodward

3  intentionally used Tasers on Abelino, forcefully brought him to the ground, used a

4  chokehold, and used physical force, ultimately resulting in his death.

5      Liability can also be imposed on the City of Stockton and the Stockton Police

6  Department because the deprivation of civil rights was based on the customs, policies,

7  or practices of the City of Stockton, which were directed, encouraged, or ratified by

8  policy making officers for the City of Stockton and the Stockton Police Department,

9  including the Chief of Police.

10      The Stockton officers and employees also violated Abelino's right to enjoy civil

11  rights pursuant to Cal. Civ. Code § 52.1. The actions of the Stockton officers constituted

12  interference, and attempted interference, by threats, intimidation, coercion, and

13  violence, with Abelino's exercise and enjoyment of rights secured by the Constitution

14  and laws of the United States and the State of California.

15      In addition to claims for violations of Abelino's civil rights, Stockton Police

16  Department and the officers were negligent for the unreasonable use of deadly force.

17  Upon information and belief, Stockton Police Department had policies in place for the

18  use of force, carotid restraints, and Tasers, which were not complied with. Stockton

19  Police Department also failed to have other proper policies in place which would have

20  prohibited the Stockton officers' improper conduct.

21      There was no evidence indicating Abelino was a dangerous felon posing any

22  threat to officers—he was unarmed during the entire confrontation with the officers.

23  Instead of taking reasonable and appropriate steps to subdue an unarmed suspect, they

24  used *excessive* physical force, including an illegal chokehold and/or carotid restraint and

25  multiple Taser firings. Abelino's right to life and liberty were violated by the officers.

26  Had they acted reasonably, he would be alive today.

27      The Stockton officers will also be liable for battery based on the unreasonable

28  and excessive force used on Abelino. Defendants intended to cause great bodily harm

SHERNOFF BIDART
ECHEVERRIA BENTLEY
LAWYERS FOR INSURANCE POLICYHOLDERS

1   or death to others without their consent by using Tasers, a chokehold or carotid

2   restraint, and other unnecessary physical force on Abelino.

3        Finally, liability against a governmental entity such as the City of Stockton can be

4   imposed when supervisory employees breach their duty to supervise subordinates and

5   thereby expose third persons to harm. (*C.A. v. William C. Hart Union High School District*

6   (2012) 53 Cal.4th 861, 875-879; *Dailey v. Los Angeles Unified Sch. Dist.* (1970) 2 Cal.3d 741,

7   747.) Here, the actions of the officers on March 7, 2016 show a clear failure in their

8   training and supervision in subdoing suspects, the use of Tasers, the use of chokeholds

9   and/or carotid restraints, and the use of deadly force. A minor traffic stop escalated into

10  a violent physical confrontation resulting in Abelino's tragic death.

11

12  **4.**   **Action or inaction of city employee(s) caused the death of Abelino Cordova-**

13        **Cuevas.**

14        **A.**   **The Stockton Police officers violated Mr. Cordova-Cuevas' civil rights**

15             **with their excessive use of deadly force.**

16        The use of excessive force by police departments across the United States is now

17  commonly on the news. Police have gone unchecked in their use of deadly force against

18  unarmed persons. Abelino's tragedy in Stockton, California is another example of

19  unrestrained police use of force in this country. When police can use deadly force easily

20  and without repercussion, the results are inevitable—people will die.

21        Title 42 United State Code section 1983 provides that "every person who, under

22  color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or

23  causes to be subjected, any citizen of the United States or other person within the

24  jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured

25  by the Constitution and laws, shall be liable to that party injured." Section 1983 claims

26  may be brought in either state or federal court. (*Pitts v. County of Kern* (1998) 17 Cal.4th

27  340, 348.) Here, Sergeant Matthew Garlick and Officer Lucas Woodward were both on

28  duty when they stopped Abelino. The other officers responding to the scene were also

SHERNOFF BIDART
ECHEVERRIA BENTLEY
LAWYERS FOR INSURANCE POLICYHOLDERS

1   on duty. There is no dispute they were acting under color of law when they deprived

2   Abelino of his right to life and liberty.

3       Liability under the Fourth Amendment occurs where a seizure occurs and the

4   force used is unreasonable under the circumstances. Here, the officers clearly intended

5   to prevent Abelino's movement—Sergeant Garlick, Officer Woodward, and other

6   officers intentionally used Tasers on Abelino, forcefully brought him to the ground,

7   used a chokehold and/or carotid restraint, ultimately resulting in his death. Abelino was

8   unarmed and not dangerous—the officers' lives were never threatened or in danger.

9       Liability under the Fourteenth Amendment occurs where police officers act with

10  deliberate indifference to a person's right to bodily integrity. The officers' used Tasers,

11  chokeholds and/or carotid restraint, and physical force on Abelino. There was no

12  immediate danger to anyone, and this was not an emergency where members of the

13  public or the officers involved were threatened. Abelino was unarmed. The conduct of

14  the officers was unreasonable and excessive. It deprived Abelino of his right to life and

15  liberty.

16      Further, the conduct of Sergeant Garlick, Officer Woodward, and other officers

17  employed by or acting on behalf of the City of Stockton was pursuant to the following

18  customs, policies, practices, and/or procedures of the Stockton Police Department,

19  which were directed, encouraged, allowed, and/or ratified by policy making officers for

20  the City of Stockton, and the Stockton Police Department, including on information and

21  belief the Chief of Police of the Stockton Police Department: to use or tolerate the use of

22  excessive and/or unjustified force; to use or tolerate the use of unlawful deadly force; to

23  cover-up violations of constitutional rights by failing to properly investigate and/or

24  evaluate complaints or incidents of excessive and unreasonable force; ignoring and/or

25  failing to properly and adequately investigate and discipline unconstitutional or

26  unlawful police activity; and using or tolerating inadequate, deficient, and improper

27  procedures for handling, investigating and reviewing complaints of officer misconduct

28  made under California Government Code Section 910 et seq.; failing to implement

- 6 -

1   procedural safeguards to prevent constitutional violations stemming from the use of
2   excessive force, with actual or constructive notice that omitting these procedural
3   safeguards was likely to result in the unconstitutional deprivation of life and liberty and
4   the unconstitutional and unreasonable search and seizure of persons in the City of
5   Stockton.
6       The City of Stockton and the Stockton Police Department's training program was
7   not adequate to train its officers regarding the constitutional limits on the use of
8   excessive force. The City of Stockton and the Stockton Police Department knew, because
9   of a pattern of similar violations, or it should have been obvious to them, that the
10  inadequate training program was likely to result in a deprivation of the right to life and
11  liberty guaranteed by the Fourteenth Amendment and was likely to result in the
12  unconstitutional and unreasonable search and seizure of citizens as guaranteed by the
13  Fourth Amendment. Based on information and belief, policy making officials at the City
14  of Stockton and the Stockton Police Department were aware of prior similar
15  unconstitutional practices involving the unreasonable and excessive use of force, and
16  the unjustified killing of individuals, yet condoned those practices or failed to train
17  against a furtherance of those actions, which caused the officers to act as alleged above
18  during the confrontation with Abelino.
19      Liability under Cal. Civ. Code § 52.1 occurs where an entity violates a person's
20  right to enjoy civil rights by interference, and attempted interference, by threats,
21  intimidation, coercion, and violence, with a person's exercise and enjoyment of rights
22  secured by the Constitution and laws of the United States and the State of California.
23      The actions of Stockton Police Department employees were committed
24  intentionally or with reckless indifference to the safety and health of Abelino, and
25  interfered with, through threats, coercion, intimidation, and violence, his constitutional
26  rights to life, liberty, and to be free from violence, excessive force, and unreasonable
27  searches and seizures.
28

SHERNOFF BIDART
ECHEVERRIA BENTLEY
LAWYERS FOR INSURANCE POLICYHOLDERS

- 7 -

**B.  The decisions by the Stockton Police Department that led to the use of deadly force establish its negligence.**

Government Code 820(a) provides that "a public employee is liable for injury caused by his act or omission to the same extent as a private person."   California Government Code § 815.2 states that "(a) A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."

The Stockton Police department and its officers failed to follow standard and well-recognized protocols throughout the confrontation with Abelino including, but not limited to department policies on use of force, physical restraint, and use of Tasers. Based on the tactical conduct and decisions preceding and at the time of the use of deadly force, the City of Stockton and its police department and officers' conduct was unreasonable, and negligently caused Abelino's death. The City will be vicariously liable for the excessive force employed by its officers.

**C.  Stockton Police Officers committed battery against Abelino.**

Stockton Police Officers intended to cause great bodily harm or death to Abelino without his consent by using Tasers, a chokehold or carotid restraint, and other unnecessary physical force. Abelino neither consented to nor anticipated the officers' conduct.

**D.  The Stockton Police department was also negligent in its training and supervision of its employees.**

Negligent supervision is a viable claim against a governmental entity when supervisory employees breach their duty to supervise subordinates thereby exposing



SHERNOFF BIDART
ECHEVERRIA BENTLEY
LAWYERS FOR INSURANCE POLICYHOLDERS

- 8 -

1   third persons to harm. (*C.A. v. William C. Hart Union High School District* (2012) 53 Cal.4th

2   861, 875-879; *Dailey v. Los Angeles Unified Sch. Dist.* (1970) 2 Cal.3d 741, 747.)

3       The California Supreme Court has expanded the scope of the permissible

4   evidence to support a negligence claim against police officers to include tactical conduct

5   and decisions preceding the use of deadly force, (*Hayes v. County of San Diego* (2013) 57

6   Cal.4th 622). Claimants claim negligent supervision by supervisory employees of the

7   police officers' conduct and decisions made during the attempted arrest. The Stockton

8   police officers were not properly trained and supervised to subdue suspects and on the

9   use of deadly force, including the use of Tasers and chokeholds and/or carotid

10  restraints.

11      Reasonable supervision of its employees, Sergeant Garlick and Officer

12  Woodward, would have required only an appropriate amount of non-deadly force on

13  Abelino. The City is likewise vicariously liable for this failure.

14

15  **5.**    <u>A general description of damages and losses</u>

16      Claimants Salvador Cordova Pimental and Maria Cuevas Dominguez —on

17  behalf of themselves and the Estate of Abelino Cordova-Cuevas—seek all damages,

18  relief, and remedies available to them under California and federal law for the death of

19  their son, Abelino Cordova-Cuevas, including punitive and exemplary damages against

20  the offending officers, the loss of familial relations with their son, as well as his pre-

21  death pain, suffering, and economic damages.

22      In addition, Claimants Salvador Cordova Pimental and Maria Cuevas

23  Dominguez will seek wrongful death damages for the loss of their son.

24      The legal standard for the measure of damages that a jury uses to evaluate the

25  noneconomic value for the loss of the relationship resulting from the death of an adult

26  is set forth in CACI 3921.These noneconomic damages include the loss of Abelino

27  Corodva-Cuevas' love, companionship, comfort, care, assistance, protection, affection,

28  society, moral support.

SHERNOFF BIDART ECHEVERRIA BENTLEY
LAWYERS FOR INSURANCE POLICYHOLDERS

1    As a result of the death of their son, Salvador Cordova Pimental and Maria

2    Cuevas Dominguez have suffered the loss of their son's love, companionship, comfort,

3    care, assistance, protection, affection, and society and moral support.

4    Valuing these losses in dollars and cents is never easy, but according to the

5    National Vital Statics Reports, Abelino had a life expectancy of 55.3 years at the time of

6    his death. Salvador Cordova Pimental and Maria Cuevas Dominguez will miss out on

7    many years of spending time with their beloved son.

8    Salvador Cordova Pimental and Maria Cuevas Dominguez have also suffered

9    the following economic damages:

10       1.    The value of financial support that Abelino Cordova-Cuevas would have

11    contributed to his parents; and

12       2.    The loss of gifts or benefits that Salvador Cordova Pimental and Maria

13    Cuevas Dominguez would have expected to receive from Abelino Cordova-Cuevas.

14

15   5.    <u>Names of public employee or employees causing damage or loss</u>

16    City of Stockton police officers:

17    Matthew Garlick

18    Lucas Woodward

19    Claimants believe there are additional employees and officers of the City of

20    Stockton police department who were involved with the events of March 7, 2016,

21    including the officers who arrived at the location where Abelino was first stopped and

22    the location where Abelino was taken down.  Also, supervisors of the Stockton Police

23    Department regarding the training, hiring, supervision of officers regarding use of force

24    policies, use of physical restraint inlcuding chokeholds and/or carotid restraints, and

25    use of Tasers, as well as the supervisors who failed to monitor officers and detectives.

26

27

28



SHERNOFF BIDART ECHEVERRIA BENTLEY
LAWYERS FOR INSURANCE POLICYHOLDERS

1  6.  <u>Amount Claimed</u>

2      Government Code § 910(f) states "if the amount claimed exceeds ten thousand

3  dollars ($ 10,000) no dollar amount shall be included in the claim. However, it shall

4  indicate whether the claim would be a limited civil case."  The claims of Salvador

5  Cordova Pimental and Maria Cuevas Dominguez greatly exceed the amount stated in

6  Government Code § 910(f) and will be an unlimited civil case. The damages will exceed

7  the jurisdictional limit for a limited civil case.

8

9  Dated: August 22, 2016                    Respectfully submitted,

10

11                                            SHERNOFF BIDART
                                              ECHEVERRIA BENTLEY LLP
12

13                                            By

14                                            GREGORY L. BENTLEY
                                              Attorneys for Salvador Cordova
15                                            Pimental and Maria Cuevas Dominguez

16

17

18

19

20

21

22

23

24

25

26

27

28

- 11 -

Re: Claim of Abelino Cordova-Cuevas

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 600 South Indian Hill Boulevard, Claremont, California 91711.

On **August 22, 2015**, I served the foregoing documents described as **CLAIM FOR DAMAGES PURSUANT TO CALIFORNIA GOVERNMENT CODE SECTION 910, ET SEQ** on the interested parties in this action by placing __ the original _XX_ a true copy thereof enclosed in sealed envelopes addressed as follows:

### PLEASE SEE ATTACHED SERVICE LIST

[XX] BY CERTIFIED/RETURN RECEIPT MAIL I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Claremont, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

[] BY FACSIMILE ("FAX") In addition to the manner of service indicated above, a copy was sent by FAX to the parties indicated on the service List.

[] BY OVERNIGHT MAIL/COURIER To expedite service, copies were sent via FEDERAL EXPRESS.

[] VIA EMAIL I caused the document to be served via electronic mail to the email addresses listed on the service list

[] BY PERSONAL SERVICE I caused to be delivered such envelope by hand to the individual(s) indicated on the service list.

[XX] (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[] (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **August 22, 2015**, at Claremont, California.

CYNTHIA GUTIERREZ

Re: Claim of Abelino Cordova-Cuevas

---

## SERVICE LIST

City Clerk's Office                    CITY OF STOCKTON
CITY OF STOCKTON
425 North El Dorado Street
Stockton, CA  95202

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

City of Stockton
City Clerk's Office
425 North El Dorado Street
Stockton, CA 95202

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9403 0625 5183 6754 96

2. Article Number (Transfer from service label)
7015 0640 0003 7122 8884

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                            ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from Item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053        Domestic Return Receipt

# EXHIBIT B



# CITY OF STOCKTON

**HUMAN RESOURCES DEPARTMENT**
400 E. Main Street, 3rd Floor • Stockton, CA 95202
Phone: 209 / 937-8233 • Fax 209 / 937-8558 • www.stocktongov.com

August 31, 2016

Shernoff Bidart Echeverria Bentley, LLP
Gregory Bentley
600 S Indian Hill Rd.
Claremont, CA 91711

Re:   Claimants:  Salvador Cordova Pimental; Maria Cuevas Dominguez;
Estate of Abelino Cordova-Cuevas

Dear Mr. Bentley:

This is to notify you that the claim which you submitted to the Office of the City Clerk for the City of Stockton on August 25, 2016, has been referred to the City's Liability Claims Investigator for handling.

Depending upon the nature of a claim, researching a claim can exceed forty-five (45) days pursuant to Government Code 912.4. You will be notified of the City's decision as soon as this process has been completed.

If you have any additional questions regarding this claim, please contact 209-937-8807.

Human Resources Department
City of Stockton

D/L:  March 7, 2016

City File No.: 2015-2016-0425

# EXHIBIT C



# CITY OF STOCKTON

**HUMAN RESOURCES DEPARTMENT**
400 E. Main St., 3rd Floor • Stockton, CA 95202
Phone: 209 / 937-8233 • Fax 209 / 937-8558 • www.stocktongov.com

October 25, 2016

Shernoff Bidart Echeverria Bentley, LLP
Gregory Bentley
600 S Indian Hill Blvd.
Claremont, CA 91711

Re:    Claimants:    Salvador Cordova Pimental; Maria Cuevas Dominguez;
                       Estate of Abelino Cordova-Cuevas
        City File No.:   2015-2016-0425

Notice Is Hereby Given that the claim you filed with the Office of the City Clerk for the City of Stockton on August 25, 2016 was rejected by Operation of Law on <u>October 10, 2016</u>. Government Code Section 913 requires the following warning be given when a claim is rejected.

## WARNING

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action in a municipal or superior court of the State of California on this claim. See Government Code Section 945.6. This warning applies only to State claims, and does not apply to statutes of limitations for Federal causes of action.

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

By _____
          Ken Minas
          Liability Claims



Stockton
1999

STATE OF CALIFORNIA  )
                                )    ss:
COUNTY OF SAN JOAQUIN)

**PROOF OF SERVICE**

       I am a citizen of the United States and am employed in the County of San Joaquin. I am over the age of eighteen (18) years and am not a party to the within above-titled action. My business address is 400 E Main St. – 3rd Floor, Stockton, CA 95202.

       I am readily familiar with the City of Stockton's practice for collection and processing of correspondence for mailing with the United States Postal Service and that the correspondence would be deposited with the United States Postal Service in the County of San Joaquin, California that same day in the ordinary course of business.

       On the date noted below, I served the within **Notice of Rejection** on the persons interested in said action by placing true copies thereof enclosed in sealed envelopes in the designated area for outgoing mail addressed as set forth below:

                          Shernoff Bidart Echeverria Bentley, LLP
                          Gregory Bentley
                          600 S Indian Hill Blvd.
                          Claremont, CA 91711

I certify (or declare) under penalty of perjury that the foregoing is true and correct.

Executed at Stockton, California.

_____
Raeann Cycenas

10-25-2016
_____
Date

2015-2016-0425

