MORIS DAVIDOVITZ, ESQ., (STATE BAR #70581)
CHARLES BOLCOM, ESQ., (STATE BAR #193762)
COOPER & SCULLY, P.C.
101 California St., Suite 3650
San Francisco, CA. 94111
Telephone: (415) 956-9700
Facsimile: (415) 391-0274

JOHN M. LUBBERKE, ESQ., (SBN #164893)
CITY ATTORNEY
CITY OF STOCKTON
425 N. El Dorado St., 2nd Floor
Stockton, CA. 95202
Telephone: (209) 937-8333
Facsimile: (209) 937-8898

ATTORNEYS FOR DEFENDANTS OFFICERS MATTHEW GARLICK,
LUCAS WOODWARD AND CITY OF STOCKTON

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SALVADOR CORDOVA PIMENTAL, individually and as successor-in-interest to decedent ABELINO CORDOVA-CUEVAS; MARIA CUEVAS DOMINGUEZ, individually and as successor-in-interest to decedent ABELINO CORDOVA-CUEVAS<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF STOCKTON, on its own behalf and on behalf of its departments, including, but not limited to, the STOCKTON POLICE DEPARTMENT; SERGEANT MATTHEW GARLICK; OFFICE LUCAS WOODWARD; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. 2:17-cv-00931-WBS-AC<br><br>STIPULATION BETWEEN PLAINTIFFS AND DEFENDANTS REGARDING DEFENDANTS' MOTION TO COMPEL PLAINTIFFS' AUTHORIZATION TO OBTAIN ABELINO CORDOVA CUEVAS' UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES RECORDS AND [~~PROPOSED~~] ORDER<br><br>State Action Filed: 3/20/2017<br>Trial Date: 08/20/2019<br>Judge: Hon. William B. Shubb |

**<u>STIPULATION</u>**

WHEREAS, Plaintiffs Salvador Cordova Pimentel and Maria Cuevas Dominguez filed a

1
Stipulation Re Defendants Motion to Compel Plaintiffs' Authorization to Obtain USCIS Records & Proposed Order

lawsuit in San Joaquin County Superior Court on March 20, 2017 alleging civil rights violations and other tort causes of action against the Defendants following the death of their son, Abelino Cordova Cuevas, in an altercation with police in March 2016;

WHEREAS, Defendants removed the case to federal court on or about May 3, 2017;

WHEREAS, the discovery cutoff in the case is October 17, 2018;

WHEREAS, Defendants filed a motion for an order compelling Plaintiffs to sign authorization so that Defendants can verify whether Abelino Cordova Cuevas had a Social Security Card;

WHEREAS, the hearing was conducted before Magistrate Allison Claire on September 12, 2018;

WHEREAS, an order was issued by Magistrate Claire on September 19, 2018 denying the Defendants' motion;

WHEREAS, Defendants filed a motion for an order compelling Plaintiffs to sign an authorization so that Defendants can obtain Abelino Cordova-Cuevas' records from the United States Citizenship and Immigration Services to determine if Cordova-Cuevas had falsified a permanent residency card;

WHEREAS, the arguments by Defendants and Plaintiffs are essentially the same as presented in Defendants' motion regarding Abelino Cordova Cuevas' Social Security records;

It is therefore stipulated by and between Plaintiffs and Defendants that:

1) The hearing on the motion compelling Plaintiffs to sign authorization so that Defendants can obtain Abelino Cordova Cuevas' United States Citizenship and Immigration Services records scheduled for October 10, 2018 before Magistrate Allison Claire can be taken off calendar as the motion can be decided on the submitted papers;

2) The parties are submitting a proposed order denying the motion.

//
///
//
//

| | | |
|---|---|---|
| DATED: September 26, 2018 | | COOPER & SCULLY P.C. |

By:  /s/ Charles Bolcom
MORIS DAVIDOVITZ
CHARLES H. BOLCOM
ATTORNEYS FOR DEFENDANTS
MATTHEW GARLICK, LUCAS
WOODWARD AND CITY OF STOCKTON

DATED: September 26, 2018          LAW OFFICES OF DALE K. GALIPO
                                   BENTLEY & MORE LLP


BY;   /s/ Eric Valenzuela
DALE K. GALIPO
ERIC VALENZUELA
GREGORY L. BENTLEY
ATTORNEYS FOR PLAINTIFF
SALVADOR CORDOVA
PIMENTEL AND MARIA CUEVAS
DOMINGUEZ

## [~~PROPOSED~~] ORDER

Defendant City of Stockton ("the City") moves to compel plaintiffs to sign an authorization to obtain records from the United States Citizenship and Immigration Services regarding decedent's permanent residency card. This discovery motion was referred to the magistrate judge pursuant to E.D. Cal. R. 302(c)(1).

Plaintiffs are pursuing civil rights claims under 42 U.S.C. §1983, and state claims for battery and violation of Cal. Civ. Code §52.1, arising from the death of Abelino Cordova-Cuevas on March 7, 2015. ECF No. 1-1 at 7-8. Plaintiffs Salvador Cordova Pimentel and Maria Cuevas Dominguez are the surviving parents of Abelino. ECF No. 1-1 at 8-9. They are residents of Mexico. Id. They bring this case in their individual capacities and as successor-in-interest to the claims of Abelino Cordova-Cuevas. Id. Plaintiffs initially sought damages for noneconomic damages (loss of love, companionship, comfort, etc.) as well as recoverable wrongful death economic damages (loss of economic support, etc.) Id. at 21. On August 22, 2018, plaintiffs withdrew their claim for economic damages. ECF No. 25.

The scope of discovery in federal cases is governed by Federal Rule of Civil Procedure

26(b)(1). The current Rule states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Relevance, however, does not establish discoverability; in 2015, a proportionality requirement was added to Rule 26. Under the amended Rule 26, relevance alone will not justify discovery; discovery must also be proportional to the needs of the case.

A party seeking to compel discovery has the initial burden to establish that its request is proper under Rules 26(b)(1). If the request is proper, the party resisting discovery has the burden of showing why discovery was denied; they must clarify and support their objections. Blankenship Northern & Santa Fe Ry. V. United States Dist. Court, 408 F. 3d 1142, 1149 (9th Cir. 2005). Nevertheless, although the scope of discovery is broad, it is not unlimited and must be reasonably calculated to lead to admissible evidence. Epstein v. MCA, Inc., 54 F. 3d 1422, 1423 (9th Cir. 1995).

Defendants' theory of relevance here depends entirely on a chain of speculation. Abelino's use of a permanent residency card, or the non-existence of such card, could only make it more or less probable that his parents have been deprived of his love, companionship, comfort, care, protection and moral support if (1) that use likely would have been discovered; (2) Abelino likely would have been criminally prosecuted rather than summarily deported as a result; and (3) Abelino would have ultimately been imprisoned.

This is not a case in which the decedent was incarcerated or under criminal investigation, such that potential future incarceration would be relevant to non-economic damages. Accordingly, defendants' motion to compel is denied.

IT IS SO ORDERED.

DATED: September 27, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE